United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 23, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20061
Summary Calendar

_____

CHRISTINE E REULE,

                                        Plaintiff-Appellant,

versus

SHERWOOD VALLEY I COUNCIL OF CO-OWNERS INC.; WAYNE MURRAY;
PROPERTY MASTERS INC.; JACK KENNEY; COLONY INSURANCE CO.;
LAWRENCE WEST; JOHNSON, SPALDING, DOYLE, WEST, & TRENT,
Registered Limited Liability Partnership; AMANDA FLANAGAN;
HAYS, MCCONN, RICE AND PICKERING; JOHN STANLEY; SHIRLEY
AUSTIN; MICKY SPEARS; MASC AUSTIN PROPERTIES INC., a Texas
Corporation; ELIZABETH ZERMENO; JUDGE WILLIAM T. BURKE; DOE
ATTORNEYS 1-50; DOE LAW FIRMS 1-50; DOES 1-50; LAWRENCE
TRENT,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-3197
---------------------

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Christine E. Reule, a resident of Houston, Texas, appeals

the denial of her FED. R. CIV. P. 60(b) motion, in which she

sought relief from the dismissal of her pro se complaint, filed

under the Federal Housing Act (FHA), the Americans with

Disabilities Act (ADA), federal civil rights statutes, the Equal

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Protection Clause, and the Texas Deceptive Trade Practices and Consumer Protection Act, for failure to state a claim. Reule fails to demonstrate an extraordinary circumstance that would warrant Rule 60(b) relief from the district court's dismissal of her claims. See Government Fin. Servs. One Ltd. Partnership v. Peyton Place, Inc., 62 F.3d 767, 774 (5th Cir. 1995).

Reule has abandoned any argument that the district court erred when it dismissed Judge Burke based on judicial immunity by failing to brief that issue. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Reule's conspiracy claim against the private defendants fails because her assertions about an agreement among Judge Burke and the private defendants is conclusional. See Priester v. Lowndes County, 354 F.3d 414, 420 (5th Cir. 2004). Although Reule seeks the appointment of counsel to remedy the conclusory nature of her conspiracy claims, she is not so entitled. See Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

Reule's claims under §§ 3604 and 3617 of the FHA fail because they go to the habitability of her condominium and not the availability of housing. See Cox v. City of Dallas, 430 F.3d 734, 741 (5th Cir. 2005); Halprin v. Praire Homes of Dearborn Park, 388 F.3d 327 (7th Cir. 2004). Her claims under the ADA fail because she fails to demonstrate that any of the defendants are public entities or that any of them owned or operated a place of public accommodation. See 42 U.S.C. § 12131, § 12182(a).

Reule's equal protection claim fails because her assertions do not implicate treatment by the defendants of similarly situated individuals.  See Muhammad v. Lynaugh, 966 F.2d 901, 903 (5th Cir. 1992).  Reule has abandoned any argument that the district court erred when it dismissed her claims under Texas law by failing to brief that issue.  See Yohey, 985 F.2d at 224-25.

The district court's denial of Rule 60(b) relief is AFFIRMED; Reule's motion for the appointment of counsel is DENIED.